FILED

DEC 31 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY S. HOLLISTER<br><br>*Plaintiff*<br>vs.<br><br>BARRY SOETORO, a/k/a Barack Hussein Obama, in his capacity as a natural person; in his capacity as *de facto* President *in posse*; and in his capacity as *de jure* President *in posse*<br>And<br>JOSEPH R. BIDEN, Jr., in his Capacity as a natural person; in his capacity as *de jure* Acting President *in posse*; in his capacity as *de jure* President *in posse*; and in his capacity as *de jure* Vice-President *in posse*;<br>And<br>NATURAL and UN-NATURAL DOES 1-100 INCLUSIVE<br><br>*Defendants* | CIVIL ACTION NO.<br><br>Case: 1:08-cv-02254<br>Assigned To : Robertson, James<br>Assign. Date : 12/31/2008<br>Description: General Civil |

## PLAINTIFF'S MOTION TO FILE INTERPLEADER AND DEPOSIT FUNDS WITH THE COURT

Plaintiff Gregory S. Hollister [hereinafter "Plaintiff"] through his counsel, John D. Hemmenway, Esquire, Philip J. Berg, Esquire, and Lawrence J. Joyce, Esquire, files the within Motion to file Interpleader and deposit funds with the court. In support thereof avers as follows:

1. Plaintiff Hollister is a retired Colonel from the United States Air Force. Hollister joined the United States Air Force and began active duty in 1978. Hollister served 20 years of honorable service and retired in 1998.

2. As a result of Hollister having served a regular commission, he is in what is called the Individual Ready Reserve. That means he is subject to Presidential recall for the rest of his life. Hollister's discharge papers are attached hereto as **Exhibit "A"**.

3. Plaintiff is in possession of certain property. This property consists of duties owed by the Plaintiff to the Commander-in-Chief of the Armed Forces of the United States and to all others above them in their chains of command, and this property also consists of certain relationships. It has been held in the federal jurisdiction that property can pertain to intangible res. *Carpenter v. United States, 484 U.S. 19*, 25-27, 108 S.Ct. 316, 320-321, 98 L.Ed.2d 275, 283-284 (1987). Other federal courts have stated that property can be recognized in other types of an intangible res as well. *First Victoria National Bank v. United States*, 620 F.2d 1096, 1106-1107 (5th Cir. 1980) ("rice history acreage", like "good will of a business", is property); *Matter of Nichols*, 4 B.R. 711, 717 (E.D. Mich. 1980) (citing Black's Law Dictionary at 1095 for proposition that "property" encompasses all things "corporeal or incorporeal, tangible or intangible, visible or invisible ... "). Significantly, the District of Massachusetts has found that property can be recognized in a relationship, such as a landlord-tenant relationship, or an employer-employee relationship. *Glosband v. Watts Detective Agency, Inc.* 21 B.R. 963, 971-972. (D. Mass. 1982).

4. The statute Plaintiff relies on for bringing this case in the nature of Interpleader does not state a requirement that the property be tangible or intangible. In *Bank of Neosho v. Colcord*, 8 F.R.D. 621 (W.D. Mo. 1949) (a case in the federal jurisdiction in which an intangible *res* (a duty) was the subject of Interpleader). Plaintiff has found no case in which a court held that intangible *res* cannot be the subject of Interpleader; and the wording of the statute upon which the Plaintiff relies to bring this case in the nature of Interpleader must be considered in light of two holdings by the Supreme Court on statutory construction: *Martin v. Wilks*, 490 U.S. 760, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), and *N.O.W. v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).

5. Plaintiff's duties themselves are the duty to obey lawful orders, the duty to disobey at least certain unlawful orders, and the duty to support and defend the Constitution against all enemies, both foreign and domestic; put another way, the Plaintiff is in possession of obligations they owe to the Acting President or President (and all others above the Plaintiff in his chains of command) to receive the performance of these duties from the Plaintiff. Each of these duties is worth $500.00.

6. Plaintiff has reason to believe that Soetoro may not be a "natural born" United States Citizen and therefore is not qualified pursuant to the United States Constitution to Serve as United States President. Article II, Section I, Cl. 5 states that only a "natural born" United States citizen shall be eligible to the office of President.

7. Plaintiff's questions regarding Soetoro's eligibility to serve as United States President pursuant to the Constitution arose when Plaintiff learned Soetoro may have been born in Kenya to a U.S. citizen mother and a foreign national. This was further complicated when Plaintiff learned that Soetoro attended a public school in Indonesia under the name of Barry Soetoro, as an Indonesian Citizen.

8. Moreover, Plaintiff has been unable to locate any legal documents wherein Soetoro's name was legally changed from Barry Soetoro to Barack Hussein Obama.

9. Plaintiff is literally caught between a rock and a hard place. If reactivated, he comes under a duty to obey lawful orders. He would come under a duty, under at least certain circumstances, to disobey unlawful orders. He would come under a duty to support and defend the Constitution against all enemies, both foreign and domestic. But to whom will these duties be owed from January 20, 2009 on? And against whom will these duties operate? Soetoro or Biden?

10. Plaintiff faces the possibility of a conflict in their duties and multiple claims against him for the performance of these duties. It has been held that Interpleader may be brought even though no demand has yet been made on a Plaintiff for the property in question. *Dunbar v. United States*, 502 F.2d 506 (5th Cir. 1974). Instead, the mere fact that the plaintiff has a real, reasonable, bona fide fear of exposure to multiple claims or the hazards and vexation of conflicting claims is sufficient. *American Fidelity Fire Insurance Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164 (D. Virgin Islands 1975). See also, *Underwriters at*

*Lloyd's v. Nichols*, 363 F.2d 357 (8th Cir. 1966) (in such circumstances, court has a duty to allow Interpleader).

~~11.~~ Plaintiff fears the hazards and vexations of multiple conflicting orders and responsibilities with respect to his aforementioned duties, all of which may interfere with, and may possibly sever, their relationships with all those above him in the chain of command, including, but not limited to, the Acting President or President, and all of which may interfere with, and may possibly sever, their employer/employee relationship with the Department of Defense. These hazards and vexations can include court-martials, incarceration, reduction in rank, loss of benefits and privileges, a dishonorable discharge, and claims against him for damages, all of which might come, possibly in contradictory manner, from more than one source of authority, or at least from more than one claimed source of authority, above him. Each of these injuries, and all of them, would constitute irreparable harm to the Plaintiff. With respect to relief from each of these injuries, and all of them, damages will not suffice for Plaintiff, and there is no adequate remedy at law.

12. It is particularly important to the Plaintiff to know whether Soetoro is eligible to be President before he is reactivated because if Soetoro issues an order to reactivate him, he will have to know whether that is an order he is required to obey, or perhaps (at least in certain cases) whether that is even an order he is required to disobey. The evidence that Soetoro is not a natural-born citizen is so substantial that as things stand right now, unless this Court affirmatively declares that Soetoro is indeed constitutionally qualified to be President, Plaintiff will be

of the opinion that he must refuse to recognize as being lawful the reactivation order and any other orders to them pursuant to the reactivation order.

13. Plaintiff is in possession of certain property. This property consists of the rights pertaining to the duties owed by the Plaintiff to the Commander-in-Chief of the Armed Forces of the United States and to all others above him in his chain of command, and this property also consists of certain relationships. The rights pertaining to each of these duties is worth $500.00 or more. The rights pertaining to each of these relationships is worth $500.00 or more.

14. Plaintiffs are also in possession of a document denominated as Soetoro's Indonesian School Record showing his name as Barry Soetoro and his citizenship status as Indonesian, which is attached to Plaintiff's Complaint as **Exhibit "B"**, and plaintiff is in possession of a copy of his discharge papers, which is attached to Plaintiff's Complaint as Exhibit "A". Plaintiff has further requested copies of his enlistment papers which will be filed with this Court upon receipt.

15. The document denominated as Soetoro's Indonesian School Record showing his name as Barry Soetoro and his citizenship status as Indonesian has a value of $500.00. The original copies of the Plaintiffs enlistment papers likewise have a value $500.00.

16. In Rule 22 Interpleader, there is no jurisdictional requirement of making a deposit of the property in question with the court. *Murphy v. Travelers, Inc.*, 534 F.2d 1155 (5th Cir. 1976); *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287 (8th Cir. 1980)

17. Should the Court find Plaintiff is required to make a monetary deposit with the Court, Plaintiff requests he be allowed to place an Interpleader Bond as an alternative to actual deposit of funds with the Court.

Respectfully submitted,

Dated: December 31, 2008

_____
Philip J. Berg, Esquire
*Attorney Plaintiff*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No. 09867
(610) 825-3134

Dated: December 31, 2008

_____
Lawrence J. Joyce, Esquire
*Attorney for Plaintiff*
1517 N. Wilmot Road, Suite 215
Tucson, AZ 85712
Arizona Bar No. 020856
(520) 584-0236

Date: December 31, 2008

_____
John D. Hemenway
Hemenway & Associates
4816 Rodman Street NW
Washington, D.C. 20016
(202) 244-4819
D.C. Bar No. 379663