UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY S. HOLLISTER,<br><br>                       Plaintiff,<br><br>v.<br><br>BARRY SOETORO, et al.,<br><br>                       Defendants. | Civil Action No. 1:08-cv-02254-JR |

## MOTION TO DISMISS OF
## PRESIDENT BARACK OBAMA AND VICE PRESIDENT JOSEPH BIDEN

Defendants President Barack Obama and Vice President Joseph Biden, through counsel, respectfully move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The grounds for this motion are set forth in defendants' Memorandum in Support of their Motion, which defendants incorporate herein by reference.

Dated: January 26, 2009

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Robert F. Bauer
      Robert F. Bauer
      D.C. Bar No. 938902
      rbauer@perkinscoie.com
607 Fourteenth Street, N.W.
Washington, D.C.  20005-2003
Telephone:  202.628.6600
Facsimile:   202.434.1690

*Attorney for Defendants Barack Obama and Joseph Biden*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY S. HOLLISTER,

                Plaintiff,

v.

BARRY SOETORO et al.,

                Defendants.

Civil Action No. 1:08-cv-02254-JR

**MEMORANDUM OF PRESIDENT BARACK OBAMA AND
VICE PRESIDENT JOSEPH BIDEN
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

      Defendants President Barack Obama and Vice President Joseph Biden submit this Brief in support of their Motion to Dismiss. Plaintiff's allegations are patently false and baseless,[1] but even taking them as true for purposes of this Motion, the suit must be dismissed immediately. Plaintiff fails to establish the Court's jurisdiction and he fails to state a claim upon which relief can be granted. Accordingly, the Court must dismiss the complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] President Obama has publicly produced a certified copy of a birth certificate showing that he was born on August 4, 1961, in Honolulu Hawaii. *See, e.g.*, Factcheck.org, "Born in the U.S.A.: The truth about Obama's birth certificate," *available at* http://www.factcheck.org/elections-2008/born_in_the_usa.html (concluding that the birth certificate is genuine, and noting a contemporaneous birth announcement published in a Honolulu newspaper). Hawaii officials have publicly verified that they have President Obama's "original birth certificate on record in accordance with state policies and procedures." *See* "Certified," *Honolulu Star Bulletin*, Oct. 31, 2008. This Court can take judicial notice of these public news reports. *See The Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991); *Agee v. Muskie*, 629 F.2d 80, 81 n.1, 90 (D.C. Cir. 1980).

## BACKGROUND

Plaintiff alleges that he is a retired Colonel from the United States Air Force and is part of the "Individual Ready Reserve," which "means he is subject to Presidential recall for the rest of his life." *See* Dkt. #1 at ¶¶6; 8. As a result, plaintiff contends he owes a "duty" to obey lawful orders of the President as Commander-in-Chief. *Id.* at ¶12. Plaintiff further alleges that he "has reason to believe that [Barack Obama] may not be a 'natural born' United States Citizen and therefore is not qualified pursuant to the United States Constitution to serve as President of the United States." *Id.* at ¶14. Based on these allegations, plaintiff contends that *if* President Obama issues an order to reinstate plaintiff to active duty, plaintiff will not know whether to obey or disregard the order given his alleged uncertainty regarding the President's citizenship status. *Id.* at ¶40.

Plaintiff's complaint consists of a single interpleader claim under 28 U.S.C. § 1335 and Fed. R. Civ. P. 22. *See* Dkt. #1 at 16. He names defendants President Obama and Vice President Biden as alleged claimants to the supposed "property" at issue—i.e., the duties plaintiff contends he owes the President as Commander-in-Chief. Plaintiff seeks, among other things, a declaration whether President Obama is constitutionally eligible to be President of the United States under the Natural Born Citizen Clause, U.S. Const. art. II, § 1, cl. 5. *See* Dkt. #1 at 19-21.

This requested relief is not new. Plaintiff's counsel, Philip Berg unsuccessfully pursued similar relief in *Berg v. Obama*, 574 F. Supp. 2d 509 (E.D. Penn. 2008). *Id.* (dismissing under Fed. R. Civ. P. 12(b) plaintiff's complaint, which alleged, *inter alia*, that President Obama was barred from holding the office of President under the Natural Born Citizen Clause); *see also* United States Supreme Court Docket, *available at*

http://www.supremecourtus.gov/docket/docket.html (Case No. 08-4340 (denying Berg's petition for a writ of certiorari on Jan. 12, 2009 and application for injunction on Jan. 21, 2009)). Courts throughout the nation have dismissed similar suits filed by others.[2] In this case, plaintiff through his counsel, Philip Berg, attempts to use interpleader as a means to sidestep prior decisions denying challenges to the President's citizenship status. *See* Dkt. #1 at 1 ("Plaintiff through his Counsel, Philip J. Berg . . . allege the following[.]"). For the reasons set forth below, the Court should reject plaintiff's transparent attempt to reassert his counsel's prior unsuccessful challenges to the President's citizenship status and dismiss plaintiff's complaint under Fed. R. Civ. P. 12.

## ARGUMENT

### I. Legal Standard

"[On] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000). "In reviewing a

---

[2] Lawsuits have been filed in at least 10 states claiming that either President Obama or the 2008 Republican Presidential Candidate, Senator John McCain, is not a "natural born citizen." All of the cases that have proceeded to judgment have been found to be improper and have been quickly dismissed. *See, e.g.*, *Wrotnowski v. Bysiewicz,* 958 A.2d 709, 713 (Conn. 2008) (dismissing case regarding Obama for lack of statutory standing and subject matter jurisdiction); *Stamper v. United States*, 2008 WL 4838073, at *2 (N.D. Ohio Nov. 4, 2008) (dismissing suit regarding Obama and McCain for lack of jurisdiction); *Roy v. Federal Election*, 2008 WL 4921263, at *1 (W.D. Wash. Nov. 14, 2008) (dismissing suit regarding Obama and McCain for failure to state a claim); *Marquis v. Reed*, Superior Court Case No. 08-2-34955 SEA (Wash. 2008) (dismissing suit regarding Obama); *Hollander v. McCain*, 566 F. Supp. 2d 63, 71 (D.N.H. 2008) (dismissing suit regarding McCain on standing grounds); *In re John McCain's Ineligibility to be on Presidential Primary Ballot in PA.*, 944 A.2d 75 (Pa. 2008); *Lightfoot v. Bowen*, Supreme Court Case No. S168690 (Cal. 2008) (Original Proceeding) (denying Petition for Writ of Mandate/Prohibition and Stay regarding Obama); *Robinson v. Bowen,* 567 F. Supp. 2d, 1144, 1147 (N.D. Cal. 2008) (dismissing suit regarding McCain for lack of standing and lack of a state court remedy); *Constitution Party v. Lingle,* 2008 WL 5125984, at *1 (Haw. Dec. 5, 2008) (unpublished) (dismissing election contest challenging Obama's Nov. 4, 2008 victory); *Martin v. Lingle*, Supreme Court Case No. 08-1-2147 (Haw. 2008) (Original Proceeding) (rejecting original writ petition regarding Obama on several grounds); *Cohen v. Obama*, 2008 WL 5191864, at *1 (D.D.C. Dec. 11, 2008) (dismissing suit regarding Obama on standing grounds); *Donofrio v. Wells*, Motion No. AM-0153-08T2 before the New Jersey Appellate Division (N.J. 2008).

motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson*, 120 F. Supp. 2d at 81. "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). Moreover, the court need not limit itself to the allegations of the complaint, but rather may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case. *Id*.

To withstand a motion to dismiss under Rule 12(b)(6), the plaintiff must state a claim upon which relief can be granted. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 1974 (2007) (internal quotations and citation omitted; alteration in original); *Shirk v. Garrow*, 505 F. Supp. 2d 169, 172-73 (D.D.C. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted). The court must construe the factual allegations in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, as with a Rule 12(b)(1) motion, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the complaint must state a

*plausible* claim for relief. *Smith v. Shimizu*, 544 F. Supp. 2d 15, 16 (D.D.C. 2008) (citing *Twombly*, 127 S.Ct. at 1968).

## II.     The Complaint Fails to Establish this Court's Jurisdiction

Plaintiff fails to establish the Court's jurisdiction. At the outset, granting the requested relief would raise serious separation of powers issues. *See, e.g.*, *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1866). But even assuming, *arguendo*, that this Court could exercise "jurisdiction . . . to enjoin the President in the performance of his official duties," *cf. id.*, plaintiff has not established his own standing to sue.

Plaintiff must satisfy three elements to meet the constitutional requirements for standing. *First*, he must demonstrate that he has suffered an "injury in fact,"—*i.e.,* an invasion of a legally-protected interest that is "concrete and particularized" and "actual or imminent," not "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted). *Second*, he must establish "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] . . . some third party not before the court." *Id.* at 560 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). *Third*, he must show a substantial likelihood that the requested relief will be redressed by a favorable decision; mere speculation is not enough. *Id.*; *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000); *Sierra Club v. EPA*, 292 F.3d 895 (D.C. Cir. 2002).

Although plaintiff alleges he "is literally caught between a rock and a hard place," plaintiff has not alleged that he has personally suffered any injury. *See* Dkt. #1 at ¶34. In addition, even if these peculiar claims built on a hypothetical recall to active military duty are

taken at face value, plaintiff is engaged in the rankest speculation: He does not even allege a basis for believing that his return to duty is likely, much less probable. Instead, plaintiff's allegations expressly concede that his renewed military service is pure conjecture at this point. *See* Dkt. #1 at ¶34 ("*If reactivated*, he comes under a duty to obey lawful orders."); ¶37 ("*Plaintiff faces the possibility of a conflict in his duties and multiple claims* against him for the performance of these duties."); ¶40 ("It is particularly important to the Plaintiff to know whether [Obama] is eligible to be President before he is reactivated because *if [Obama] issues an order to reactivate him*, he will have to know whether that is an order he is required to obey, or perhaps (at least in certain cases) whether that is even an order he is required to disobey."); ¶44 ("Plaintiff will be left on his own to determine his duties *should he receive* what is purported to be his reactivation orders from [Obama.]"); ¶47 ("Plaintiff in the instant case will be completely left out in the cold following Inauguration Day *if he should happen to face a possible conflict between his duties* to obey lawful orders on the one hand and his duties to disobey unlawful orders[.]") (emphasis added).

Accordingly, plaintiff has not satisfied the first element of *Lujan*'s three-part inquiry. *See, e.g.*, *Bates v. Rumsfeld*, 271 F. Supp. 2d 54, 62 (D.D.C. 2002) ("Because the likelihood that Bates will be subjected to the administration of AVA is remote, as is the situation for the other similarly situated plaintiffs who are no longer on active duty, they cannot satisfy *Lujan's* first prong.").

Furthermore, plaintiff does not allege that any injury was caused by defendants, or that it can be redressed by a decision from this court. Because plaintiff has not established standing, the complaint should be dismissed pursuant to Rule 12(b)(1).

### III. The Complaint Also Fails to State a Plausible Claim upon which Relief Can Be Granted

Even if this Court had jurisdiction to adjudicate this case, dismissal would be required. Plaintiff brings this action pursuant to the interpleader statute and rule, 22 U.S.C. § 1335 and Fed. R. Civ. P. 22. "Interpleader allows a party exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding." *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993); *see also Star Ins. Co. v. Cedar Valley Express*, LLC, 273 F. Supp. 2d 38, 40 (D.D.C. 2002). It is typically used in insurance cases, where the plaintiff holds property on behalf of another, but does not know to whom among several adverse parties the property should be transferred. *See id.*; *see also Nwachukwu v. Karl,* 223 F. Supp. 2d 60 (D.D.C. 2002); *Guardian Life Ins. Co. of America v. Madole*, 48 F. Supp. 2d 26 (D.D.C. 1999).

Interpleader is inappropriate when it "is sought for improper or ulterior purposes." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1707 (3d ed. 2001). In this case, plaintiff improperly attempts to use interpleader as a means to obtain a ruling from the Court regarding the underlying issue concerning the Natural Born Citizenship Clause. Actions where interpleader is used as a means to obtain a judgment on a collateral issue should be dismissed. *See, e.g.*, *Mallinckrodt Med., Inc. v. Sonus Pharms., Inc.*, 989 F. Supp. 265, 270 (D.D.C. 1998) ("The notion that the procedural device of interpleader can be used as a hook to give the Court subject matter jurisdiction to order the patent-owning defendants to initiate an interfering patents action under 35 U.S.C. § 291 is not only novel but far-fetched."); *see also Bierman v. Marcus*, 246 F.2d 200, 203-204 (3d Cir. 1957) ("Actually, what has been done in this suit has been to misuse interpleader, based

on mere pretense of adverse claims to a fund, to obtain adjudication of controversies other than entitlement to that fund. . . . The interpleader action should have been dismissed once its true character was disclosed, as presenting no bona fide issue of the type essential to this form of equitable relief, and therefore, constituting an imposition upon the jurisdiction of the court."). "Interpleader is an equitable remedy[.]" *Star Ins. Co.*, 273 F. Supp. 2d at 40. Accordingly, the Court has discretion to determine whether the equities in the case warrant further adjudication. *See, e.g.*, *Truck-a-Tune v. Ré*, 23 F.3d 60, 63 (9th Cir. 1994) ("Interpleader is an equitable proceeding, and the District Court acted well within its discretion in determining that the equities did not warrant further federal court adjudication.") (internal citation omitted).

Given plaintiff's counsel's previous unsuccessful attempt to prevail on the underlying issue in this case, and the fact that plaintiff is attempting to shoehorn that issue into the interpleader statute, the Court should dismiss the complaint under its equitable and inherent authority. *See, e.g.*, *Berg*, 574 F. Supp. 2d at 521 ("We therefore find that Plaintiff's attempt to use these statutes [2 U.S.C. § 431 *et seq.*; 5 U.S.C. § 702; 8 U.S.C. § 1481(b); 5 U.S.C. § 552; 28 U.S.C. § 1343; and 28 U.S.C. § 1331] to gain standing to pursue his Natural Born Citizen Clause claim are frivolous and not worthy of discussion.").[3]

---

[3] Even if plaintiff's use of interpleader were not illegitimate on its face, the complaint would fail to state a claim upon which relief could be granted. In an interpleader action, there must be adverse claimants to the property in plaintiff's possession so that plaintiff risks multiple or inconsistent liability with respect to the property. *See* 28 U.S.C. § 1335 (stating interpleader is proper if "[t]wo or more *adverse claimants* . . . are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation[.]") (emphasis added); 7 Wright, Miller & Kane § 1705 ("A prerequisite for permitting interpleader is that two or more claimants must be 'adverse' to each other. This requirement is not met when one of the claims clearly is devoid of substance, or . . . liability is groundless[.]").

Here, not only is the claim clearly devoid of substance, but plaintiff has not alleged facts demonstrating that defendants are adverse claimants. He offers only speculation on this point. *See* Dkt. #1 at ¶52. He also concedes that it is mere conjecture that there may be more than one claimant. *See* Dkt. #1 at ¶39. In addition,

## **CONCLUSION**

For all of the foregoing reasons, this Court should dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Dated: January 26, 2009

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Robert F. Bauer
  Robert F. Bauer
  D.C. Bar No. 938902
  rbauer@perkinscoie.com
607 Fourteenth Street, N.W.
Washington, D.C.  20005-2003
Telephone:  202.628.6600
Facsimile:  202.434.1690
*Attorney for Defendants Barack Obama and Joseph Biden*

---

plaintiff has failed to make any showing regarding the likelihood that a claim on his "property" will ever be made. *See supra*, at 5 (quoting Dkt. #1 at ¶34, ¶40, ¶44, ¶47).

  In short, no matter how the complaint is construed, plaintiff has not stated a plausible claim for relief. *See Smith*, 544 F. Supp. 2d at 16 ("The facts alleged in the complaint . . . must be sufficient 'to state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 127 S. Ct. at 1974); *see also* 7 Wright, Miller & Kane § 1705 ("[I]nterpleader is inappropriate when the claims not only are remote in time but actually fall below any meaningful threshold level of substantiality.").  His claim must be dismissed.

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing Motion to Dismiss and Proposed Order on this 26 day of January 2009, by First Class Mail on:

John David Hemenway
HEMENWAY & ASSOCIATES
4816 Rodman Street, N.W.
Washington, DC  20016
(202) 244-4819
*Attorney for Gregory S. Hollister*

| | |
|---|---|
| Dated: January 26, 2009 | Respectfully submitted, |
| | **PERKINS COIE LLP** |
| | By: /s/ Robert F. Bauer |
| | Robert F. Bauer |
| | D.C. Bar No. 938902 |
| | rbauer@perkinscoie.com |
| | 607 Fourteenth Street N.W. |
| | Washington, D.C.  20005-2003 |
| | Telephone:  202.628.6600 |
| | Facsimile:   202.434.1690 |
| | *Attorney for Defendants Barack Obama and Joseph Biden* |