UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY S. HOLLISTER,

              Plaintiff,

    v.

BARRY SOETORO et al.,

              Defendants.

Civil Action No. 1:08-cv-02254-JR

### REPLY MEMORANDUM OF PRESIDENT BARACK OBAMA AND VICE PRESIDENT JOSEPH BIDEN IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants President Barack Obama and Vice President Joseph Biden submit this Reply Memorandum in support of their Motion to Dismiss. The assertions made in plaintiff's Response underscore that the Court lacks jurisdiction over plaintiff's patently false claims and that plaintiff has failed to assert a plausible cause of action. Plaintiff's baseless attempt at amendment also demonstrates that he cannot state *any* viable claim or establish standing in this case. For these reasons, defendants respectfully request that the Court dismiss this case with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### I.    Plaintiff has failed to establish this Court's jurisdiction

As explained in defendants' Memorandum of Law in Support of Their Motion, plaintiff's outlandish theory of potential injury does not meet the Constitution's standing requirements. *See* Dkt. #9 (Defts' Mem. In Support of Motion) at 5-6 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff's response simply highlights the

string of hypothetical scenarios purportedly supporting his claims and shows that plaintiff cannot allege any "injury in fact." *See, e.g.*, Dkt. #13 (Pl's Response) at 12 (stating "Plaintiff Hollister has to prevent a *potentially* catastrophic confrontation . . . as to what *may or may not* be an illegal order . . . [and this] is the only window of time . . . to straighten this *potential conflict* out before . . . *potentially* devastating consequences for him[.]") (emphasis added). Plaintiff has also completely failed to show, as he concedes in his response, a causal connection between the potential injury and defendants' conduct. *See* Pl's Response at 11 ("[I]t would be irrational to require Plaintiff Hollister to establish a causal connection between an injury and the Defendants' conduct."). For these reasons, plaintiff's claims must be dismissed for lack of standing.

## II.     Plaintiff has failed to state a plausible claim

Plaintiff's complaint also fails to state a plausible claim upon which relief may be granted. As demonstrated in defendants' opening brief, interpleader cannot be used as a procedural vehicle to pursue ulterior purposes. *See* Defts' Mem. In Support of Motion at 7-8. Over half of the "background" section in plaintiff's response and twelve pages of exhibits, however, are dedicated to plaintiff's baseless citizenship theory and show that he is unscrupulously using interpleader as an attempt to litigate meritless claims involving the National Born Citizenship Clause. Furthermore, as discussed previously, plaintiff's allegations fail to state a plausible claim upon which relief may be granted. *See* Defts' Mem. In Support of Motion at 4-5. For these reasons, the Court should dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6).

## III.    Plaintiff cannot amend to state a plausible claim

As part of his response, plaintiff also moves to amend his complaint. The Court has

already rejected plaintiff's February 9, 2009 futile attempt at amendment. *See* Dkt. #12

(Order ruling that plaintiff's amended complaint "adds nothing to the original complaint

except rhetoric and legal theory"). In addition to his baseless use of the interpleader cause of

action, plaintiff's attempted amended complaint shoe-horns his Natural Born Citizenship

Clause theory into a separate and inapposite *Bivens* claim. *See* Dkt. #11 at 22. Plaintiff,

however, failed to add any substantive factual allegations to support this new cause of action.

*See* Dkt. #11 at 2-18. Plaintiff simply attached more material further illustrating that he is

seeking to revive previously rejected citizenship claims. *See, e.g.*, *id.* at Exs. B; C. In his

failed attempt at amendment, plaintiff has demonstrated that he has *no* colorable claim

against defendants. Accordingly, the Court should dismiss plaintiff's complaint without

leave to amend.

## CONCLUSION

For all the foregoing reasons, the Court should dismiss plaintiff's complaint with

prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Dated: February 26, 2009                    Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Robert F. Bauer
    Robert F. Bauer
    D.C. Bar No. 938902
    rbauer@perkinscoie.com
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2003
Telephone: 202.628.6600
Facsimile: 202.434.1690
*Attorney for Defendants Barack Obama and*
*Joseph Biden*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Reply Memorandum on this 26th day of

February 2009, by means of electronic service and first class mail on:

John David Hemenway
HEMENWAY & ASSOCIATES
4816 Rodman Street, N.W.
Washington, DC  20016
(202) 244-4819
*Attorney for Gregory S. Hollister*

Dated:  February 26, 2009

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ Robert F. Bauer
    Robert F. Bauer
    D.C. Bar No. 938902
    rbauer@perkinscoie.com
607 Fourteenth Street N.W.
Washington, D.C.  20005-2003
Telephone:  202.628.6600
Facsimile:  202.434.1690
*Attorney for Defendants Barack Obama and Joseph Biden*