## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY S. HOLLISTER, | : |
| *Plaintiff,* | : |
| vs. | : CIVIL ACTION NO. 1:08-cv-02254 JR |
| BARRY SOETORO, et al. | : |
| *Defendants.* | : |

## ORDER

### ON MOTION OF PHILIP J. BERG, ESQUIRE AND LAWRENCE J. JOYCE, ESQUIRE TO VACATE THIS COURT'S ORDER OF FEBRUARY 4, 2009 HOLDING THEIR MOTION FOR ADMISSION pro hac vice IN ABEYANCE and GRANTING THEIR MOTION FOR ADMISSION pro hac vice

**THIS CAUSE** came before the United States District Court Judge, Honorable James Robertson on Philip J. Berg, Esquire and Lawrence J. Joyce, Esquire Motion requesting this Court to vacate its February 4, 2009 Order holding their Requests for Admission *pro hac vice* in abeyance and granting their Motion for Admission *pro hac vice*. Having reviewed the Motion and any responses thereto, and for good cause shown, it is hereby

**ORDERED** that this Court's February 4, 2009 Order holding Philip J. Berg, Esquire and Lawrence J. Joyce, Esquire Motion for Admission in Abeyance is hereby vacated. It is a further **ORDERED** by this Court that Philip J. Berg, Esquire and Lawrence J. Joyce Motion for Admission *pro hac vice* is **GRANTED**.

**IT IS SO ORDERED**

Dated: March _____, 2009         _____
                                   Hon. James Robertson

I:\HollisterMotiontovacateholding*prohacvice*motioninabeyance                                           1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY S. HOLLISTER, | : |
| *Plaintiff,* | : |
| vs. | : CIVIL ACTION NO. 1:08-cv-02254 JR |
| BARRY SOETORO, et al., | : |
| *Defendants.* | : |

**MOTION TO VACATE THIS HONORABLE COURT'S
FEBRUARY 4, 2009 ORDER HOLDING PHILIP J. BERG, ESQUIRE
and LAWRENCE J. JOYCE'S *pro hac vice* MOTION IN ABEYANCE**

Philip J. Berg, Esquire and Lawrence J. Joyce, Esquire Petition this Honorable Court to vacate its Order of February 4, 2009 holding Mr. Berg and Mr. Joyce's Motion for Admission *pro hac vice* in Abeyance. In support thereof Mr. Berg and Mr. Joyce aver as follows:

1. On December 31, 2008, the within action was commenced. On this same date, John D. Hemenway, Esquire, a licensed Attorney in Washington, D.C. in good standing with this Honorable Court, filed a Motion to allow Philip J. Berg, Esquire and Lawrence J. Joyce, Esquire's Admission with this Honorable Court *pro hac vice*.

2. On January 9, 2009, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and 12(b)(6), which is **not** a responsive pleading, in lieu of their Answer to Plaintiff's Complaint.

3.      The Honorable James Robertson issued an Order on February 4, 2009 dismissing Plaintiff's Motion for Leave to File an Interpleader Action and Permission to File an Interpleader Bond in Lieu of a Monetary Deposit if this Court found Plaintiff was required to file an Interpleader Deposit, as frivolous.  In the same Order, Judge Robertson ruled, "The motions of his counsel [#4, #5] for the admission *pro hac vice* of Philip J. Berg and Lawrence J. Joyce are **in abeyance** until the Court has had the opportunity, in open court, to examine their credentials, their competence, their good faith, and the factual and legal bases of the complaint they have signed."

4.      On February 9, 2009, Plaintiff through his counsel filed a First Amended Complaint, pursuant to the Federal Rules of Civil Procedure, Rule 15(a)(1).

5.      In the late afternoon of February 11, 2009 an Order issued by his Honor was filed in the Pacer docketing system.  This Honorable Court gave Plaintiffs until February 13, 2009 to file a Brief in Opposition to the Defendants Motion to Dismiss or the Court would deem the motion conceded.  Although Plaintiff's counsel has **not** been issued an ECF log-in or password, which would have emailed Counsel upon the filing of a document through the ECF system (due to Plaintiff's counsels' motions for admission *pro hac vice* not yet being granted), Counsel learned of the Order in time to properly comply with the Order of this Court.  Counsel for Plaintiff filed their Brief and Memorandum of Law in Opposition of the Defendants Motion to Dismiss on February 13, 2009, that appears on the Pacer docketing system as entry number thirteen (13).

6.      In the evening of February 25, 2009, Plaintiff's counsel discovered in the Pacer system this Honorable Court's Order to Show Cause that was filed in the

afternoon of February 25, 2009. The Order to Show Cause stated, "Instead of the opposition plaintiff was ordered to file by 2/13/09 (or defendants' motion to dismiss would be granted as conceded, see [#10], what plaintiff filed was (a) the affidavit of a paralegal (who works in the office of a Pennsylvania lawyer who has not been admitted to practice in this Court), complaining about her treatment by an employee of the Clerk's Office, and (b) many blank pages, decorated only by what appear to be botanical drawings and the illegible photocopy of an Hawaiian certificate of live birth. (a) The affidavit was apparently intended as a response to my earlier observation that plaintiff's motion to file interpleader was frivolous, see [#2], [#10], the argument being, "Maureen Higgins made me do it." What was frivolous about the motion, however, was **not** the fact that it was filed, but the suggestion that (a) "duties" could be filed in the registry of this court. (b) The blank pages were either somebody's idea of a joke (in which case I don't get it) or a mistake. If the latter, plaintiffs have until 5:00 pm EST on 2/26/09 to correct it, by re-filing their points and authorities in opposition to the pending motion to dismiss (in the .pdf format required by the Court's CM/EDF system), or otherwise to show cause why that motion should not now be granted as conceded. It is **SO ORDERED**."

7. Plaintiff's counsel complied and sent their response to the Order to Show Cause issued by Honorable Robertson to this Court's ECF Division for electronic filing on the early morning of February 26, 2009 as Ordered, despite the fact that Plaintiff had previously timely filed these items in proper format.. As stated above, Plaintiff's counsel has **not** been provided an ECF log-in or password to enable them

to file electronically through the U.S. District Court, District of Columbia's ECF filing system.

8. On the morning of February 26, 2009, Lisa from the Law Offices of Philip J. Berg's Office called the U.S. District Court, District of Columbia's ECF Division at (202) 354-3190. A young lady answered the phone and Lisa explained to her the problem the Court had with docket entry number thirteen (13). The young lady stated she did **not** have any problems accessing the document and before Lisa had the opportunity to obtain the young lady's name, Lisa had been transferred to Marlene in Judge Robertson's chambers. Lisa spoke with Marlene and Marlene requested the ECF Division to contact her as she (Marlene) was having a difficult time accessing the documents. Lisa complied.

9. Lisa contacted the ECF Division of the Court back and this time spoke with Jackie. Jackie accessed document number thirteen (13) from pacer with **no** difficulties. Jackie contacted Marlene in Judge Robertson's chambers and spoke with her regarding the issues. Jackie came back onto the phone and explained to Lisa there may have been a glitch in the Court's system. Lisa confirmed they had in fact received Plaintiff's response and Jackie stated, "yes" and she informed the Judge's chambers that Plaintiff's response to his Honor's Order to Show Cause was in the bin.

10. All the documents filed by Counsel for the Plaintiff have been sent to the U.S. District Court, District of Columbia ECF filing division via email to dcd_cmecf@dcd.uscourts.gov for electronic filing through the ECF system. This is how all of Plaintiff's documents have been filed electronically with the Court.

11. As for this Honorable Court's reference to the Motion his Honor deemed frivolous in his February 11, 2009 Order, wherein he states in his Order to Show Cause, "What was frivolous about the motion, however, was not the fact that it was filed, but the suggestion that "duties" could be filed in the registry of this court," Counsel for Plaintiff is unsure as to what is meant by this. The only thing Counsel can think of is that in the Motion for Leave to File the Interpleader Action and Deposit funds with the Court, Counsel explained the Interpleader action which involved duties owed by the Plaintiff and requested Plaintiff be allowed to file an Interpleader Bond with the Court in lieu of a cash deposit if this Honorable Court required a monetary deposit.

12. In the afternoon of February 26, 2009, Plaintiff's counsel received this Honorable Court's Order discharging his Honor's Order to show Cause. In his Honor's Order the Judge states, "Plaintiff's opposition to defendants' motion to dismiss [#13] was illegible on most of the Court's computers, as was plaintiff's response to the Court's order to show cause [#15], because plaintiff filed documents scanned with resolutions so fine that they overwhelmed the Court's CM/ECF system. On the Court's website, go to ECF Filing Pointers and then to Attorney's Checklist, for instructions. The Court's order to show cause [#14] is **discharged**."

13. Counsel for Plaintiff sends the files to this Court's ECF division for filing in black and white low resolution, which also reduces the file size of the documents. Again, as previously stated, this Court's ECF Division is who electronically files the documents on behalf of the Plaintiff. All of Plaintiff's documents have been sent by this method and up until February 25, 2009 there has never been a problem with this

Court accessing the documents. For this reason, counsels for the Plaintiff are at a loss to the fact that Your Honor did **not** receive all documents filed.

14. Counsel, John D. Hemenway, Esquire, Philip J. Berg, Esquire and Lawrence J. Joyce, Esquire have responded to the Defendants Motion to Dismiss, although they had previously filed a First Amended Complaint and have complied with each Order of this Honorable Court. Plaintiff's Counsels Brief and Memorandum of Law in Opposition to the Defendants Motion to Dismiss and every response filed have been professional, with properly stated law, and should show his Honor that Philip J. Berg, Esquire and Lawrence J. Joyce, Esquire are competent Attorneys warranting the granting of their Admission *pro hac vice*.

15. For the above aforementioned reasons, Philip J. Berg, Esquire and Lawrence J. Joyce, Esquire hereby request this Honorable Court to Vacate its Order of February 4, 2009, holding their Request for Admission *pro hac vice* in abeyance and to grant their unopposed Motion for Admittance *pro hac vice*.

Respectfully submitted,

Dated: March 2, 2009

s/ John D. Hemenway
John D. Hemenway, Esquire
Hemenway & Associates
*Attorney for Plaintiff*
4816 Rodman Street NW
Washington, D.C. 20016
(202) 244-4819
D.C. Bar No. 379663

| | |
|---|---|
| Dated: March 2, 2009 | s/ Philip J. Berg |
| | Philip J. Berg, Esquire |
| | *Attorney for Plaintiff* |
| | 555 Andorra Glen Court, Suite 12 |
| | Lafayette Hill, PA 19444-2531 |
| | P.A. Identification No. 09867 |
| | (610) 825-3134 |
| | |
| Dated: March 2, 2009 | s/ Lawrence J. Joyce |
| | Lawrence J. Joyce, Esquire |
| | *Attorney for Plaintiff* |
| | 1517 N. Wilmot Road, Suite 215 |
| | Tucson, AZ 85712 |
| | Arizona Bar No. 020856 |
| | (520) 584-0236 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY S. HOLLISTER, | : |
| *Plaintiff,* | : |
| vs. | : CIVIL ACTION NO. 1:08-cv-02254 JR |
| BARRY SOETORO, et al, | : |
| *Defendants.* | : |

# CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that Philip J. Berg, Esquire and Lawrence J. Joyce, Esquire Motion Requesting this Honorable Court to Vacate its February 4, 2009 Order holding Mr. Berg and Mr. Joyce's Motion for Admission *pro hac vice* in Abeyance was served via email this 2nd day of March 2009 upon the following:

Robert F. Bauer, Esquire
**PERKINS COIE**
607 Fourteenth Street N.W.
Washington, D.C. 20005-2003
Telephone: (202) 628-6600
Facsimile: (202) 434-1690
RBauer@perkinscoie.com


    s/ Philip J. Berg
PHILIP J. BERG, ESQUIRE
*Attorney for Plaintiff*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
(610) 825-3134