UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

GREGORY S. HOLLISTER,  :
  :
       *Plaintiff,*  :
  vs.  :  CIVIL ACTION NO. 1:08-cv-02254 JR
  :
BARRY SOETORO, et al,  :
  :
       *Defendants.* :

---

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS**

**A.  Objection to the Filing of Defendants' Reply Memorandum**

Plaintiff Gregory S. Hollister objects to the filing of Defendants' "REPLY MEMORANDUM OF PRESIDENT BARACK OBAMA and VICE PRESIDENT JOSEPH BIDEN IN SUPPORT OF THEIR MOTION TO DISMISS". First of all, this honorable Court gave Plaintiff Hollister only two [2] days to respond to Defendants' Motion to Dismiss, a motion which in fact had already been mooted by Plaintiff's filing of his First Amended Complaint. By contrast, Defendants' filed this Memorandum at issue here thirteen [13] days after Plaintiff Hollister's Brief and Memorandum of Law in Opposition to Defendants' Motion to Dismiss was filed, when this Honorable Court had not even set any schedule for such a filing at all. Defendants' apparently expect preferential treatment by this Court. Defendants' Reply to the Plaintiff's Brief and Memorandum of Law in Opposition to their Motion to Dismiss should be stricken as untimely.

Second, despite the fact that Plaintiff Hollister had previously brought to this Court's attention the shameless attempt of the Defendants' to prejudice Plaintiff Hollister's claim by reference to counsel Philip J. Berg, Esquire's own personal claim in another case (Plaintiff's Opp. at 15, citing to Defendants' Motion to Dismiss at 2-3 and 7-8), Defendants' continue to pursue this improper line of attack by once again trying, in their current Memorandum, to prejudice Plaintiff Hollister's claim in that exact same manner (Defendants' Reply Memorandum at 2-3.) Such conduct on Defendants' part shows no respect for this Court, for counsel, or for Plaintiff Hollister, and should demonstrate clearly to this Court the impropriety of this Court's even entertaining Defendants' current Reply Memorandum.

Third, for reasons stated in detail herein, Defendants' now attempt to tie up this Honorable Court with bald assertions and conclusions, some of which do **not** even attempt to address the points that Plaintiff has already brought to the attention of this Honorable Court.

Accordingly, Plaintiff Hollister respectfully requests that this Court refuse to accept Defendants' Reply Memorandum and Order it Stricken from the Record.

**B. Response to the Merits of Defendants' Reply Memorandum**

In the alternative, if this Honorable Court deems it proper to allow Defendants' Reply Memorandum to remain as part of the record, Plaintiff Hollister wishes to say that, as to the substance of Defendants' most recent Memorandum, Defendants' apparently did **not** understand any of Plaintiff's Opposition to the Motion to Dismiss. Defendants' start out by saying that Plaintiff's allegations are "patently false" and "baseless". (Defendants'

Reply Memorandum at 1.) But as Plaintiff said in his Opposition, the United States Supreme Court has already ruled, in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), that such statements do **not** form a proper basis for dismissing a Complaint:

> If, however, the Defendants' were to have continued their quotations of the paragraph in *Twombly* from which they got those two quotes, this Court would have seen that the Supreme Court also said, in that exact same paragraph, the following:
>
>> '('Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations'); (a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely').' *Twombly*, 127 S.Ct at 1965 (citations omitted)." (Plaintiff's Opp. at 13.)

Defendants' next rehash their reference to *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). (Defendants' Reply Memorandum at 1.) Significantly, in so saying, Defendants' apparently were **not** unaware or forgetful of Plaintiff's arguments against the applicability of *Lujan*, since Defendants' actually quote from Plaintiff's Opposition a portion of the very argument that demonstrates that *Lujan* does **not** apply. Defendants' state,

> "Plaintiff has also completely failed to show, as he concedes in his response, a causal connection between the potential injury and the Defendants' conduct. *See* Pl's Response at 11 ('[I]t would be irrational to require Plaintiff Hollister to establish a causal connection between an injury and the Defendants' conduct.')" (Defendant's Reply Memorandum at 2.)

Yes, precisely so. For as Plaintiff had already pointed out in the text of his Opposition just prior to that statement which Defendants' quote, the un-contradicted case law of the federal jurisdiction has held that the only thing that is needed in order for interpleader to lie is "a real, reasonable, bona fide fear of exposure to multiple claims or

the hazards and vexations of conflicting claims". (Plaintiff's Opp. at 11.) In the very next paragraph, Plaintiff then went on to say as follows:

> "Defendants' simply fail to appreciate the fact that Interpleader is for those cases in which the threat of harm is speculative as well as for those cases in which the threat of harm is immediate. This addresses both point one (1) and point two (2) of Defendants' three-part test, since if injury or an immediate threat of injury need not be shown, it would be irrational to require Plaintiff Hollister to establish a causal connection between an injury and the Defendants' conduct." (*Ibid*.)

Consequently, Defendants' have done nothing more than repeat back to this Court a summation of the very basis for concluding that *Lujan* (which they offer in support of their argument) is **not** applicable.

Defendants' next reiterate their claim that Plaintiff Hollister had **not** stated a claim upon which relief can be granted. (Defendants' Reply Memorandum at 2.) But in his Opposition, Plaintiff had said the following:

> "As for the third part of Defendants' test, in Interpleader, relief consists of the Court's dispelling the fear of multiple claims, and of the potential hazards and vexations thereof. Given the fact that the relief we have requested will do precisely that if granted as pleaded (Complaint for Prayer for Relief at A-J, pp. 19-21, First Amended Complaint pp. 20-22 and 27-29), there is a substantial likelihood that the requested relief will be redressed by a favorable decision." (Plaintiff's Opp. at 11-12.)

In response, Defendants' in their current Reply Memorandum add nothing new, and simply refer back to their bald assertion that Plaintiff Hollister has **not** stated a claim upon which relief can be granted (Defendants' Reply Memorandum at 2.), and do **not** even attempt to address the points raised by Plaintiff Hollister.

Furthermore, as we stated above, in arguing that Plaintiff Hollister has **not** stated a claim upon which relief can be granted, Defendants' even went so far as to continue

their improper behavior of attempting to prejudice Plaintiff Hollister's claim by reference to counsel Philip J. Berg, Esquire's own personal claim in another case. (Defendants' Reply Memorandum at 2-3.)

Defendants' next go on to ignore the uncontradicted case law of the federal jurisdiction generally, and of the United States Court of Appeals for this Circuit specifically, which Plaintiff brought to the attention of this Court (Plaintiff's Opp. at 8-10.), which holds that 1.) a motion to dismiss is not a responsive pleading; and, 2.) a plaintiff has an unqualified right to amend his complaint once prior to the filing of a responsive pleading. (Defendant's Reply Memorandum at 2-3.)

Defendants' next take issue with what they call Plaintiff's "separate and inapposite _Bivens_ claim". (Defendants' Reply Memorandum at 3.) As to the _Bivens_ claim being separate, have Defendants' forgotten that different types of relief can be requested, and that they can be requested in the alternative? (*See* Federal Rule of Civil Procedure 8(a).) As to _Bivens_ being inapposite, in claiming that Bivens is in fact inapposite, Defendants' do **not** even attempt to refute one word of what Plaintiff Hollister said in establishing his basis for relying on _Bivens_. (See First Am. Complaint at ¶¶ 66-67.) They deal with none of the points raised in the cases Plaintiff cited therein, nor do they even make so much as an oblique reference to any of those cases at all. They simply state a conclusion, and then ask this Court to accept it. This Court should **not** allow itself to be tied up like this with responses such as the ones that the Defendants' continuously put forward, and should, at a minimum, deny the Motion to Dismiss and Order immediate Discovery.

For the above aforementioned reasons, Defendants' Motion to Dismiss should be denied.

                                                              Respectfully submitted,

Dated: March 2, 2009                     s/ John D. Hemenway
                                                   John D. Hemenway, Esquire
                                                   Hemenway & Associates
                                                   *Attorney for Plaintiff*
                                                 4816 Rodman Street NW
                                                 Washington, D.C. 20016
                                                 (202) 244-4819
                                                 D.C. Bar No. 379663

Dated: March 2, 2009                     s/ Philip J. Berg
                                                   Philip J. Berg, Esquire
                                                 *Attorney for Plaintiff*
                                                 555 Andorra Glen Court, Suite 12
                                                 Lafayette Hill,    PA   19444-2531
                                                 PA Identification No. 09867
                                                 (610) 825-3134

Dated: March 2, 2009                     s/ Lawrence J. Joyce
                                                   Lawrence J. Joyce, Esquire
                                                 *Attorney for Plaintiff*
                                                 1517 N. Wilmot Road, Suite 215
                                                 Tucson, AZ 85712
                                                 Arizona Bar No. 020856
                                                 (520) 584-0236

| | |
|---|---|
| GREGORY S. HOLLISTER, | : |
| | : |
| *Plaintiff,* | : |
| vs. | : CIVIL ACTION NO. 1:08-cv-02254 JR |
| | : |
| BARRY SOETORO, et al, | : |
| | : |
| *Defendants.* | : |

# CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that Plaintiff's Response to Defendants' Reply to the Plaintiff's Brief and Memorandum of Law in Opposition to the Defendants' Motion to Dismiss was served via email this 2nd day of March 2009 upon the following:

Robert F. Bauer, Esquire
**PERKINS COIE**
607 Fourteenth Street N.W.
Washington, D.C. 20005-2003
Telephone: (202) 628-6600
Facsimile: (202) 434-1690
RBauer@perkinscoie.com

                                                                                  s/ Philip J. Berg
                                                                                PHILIP J. BERG, ESQUIRE
                                                                                *Attorney for Plaintiff*
                                                                                555 Andorra Glen Court, Suite 12
                                                                                Lafayette Hill, PA 19444-2531
                                                                                (610) 825-3134