```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


GREGORY S. HOLLISTER,            :
                                 :
         Plaintiff,              :
                                 :
     v.                          :  Civil Action No. 08-2254 (JR)
                                 :
BARRY SOETORO, et al.,           :
                                 :
         Defendants.             :
```

**<u>MEMORANDUM</u>**

This case, if it were allowed to proceed, would deserve mention in one of those books that seek to prove that the law is foolish or that America has too many lawyers with not enough to do. Even in its relatively short life the case has excited the blogosphere and the conspiracy theorists. The right thing to do is to bring it to an early end.

The plaintiff says that he is a retired Air Force colonel who continues to owe fealty to his Commander-in-Chief (because he might possibly be recalled to duty) and who is tortured by uncertainty as to whether he would have to obey orders from Barack Obama because it has not been proven -- to the colonel's satisfaction -- that Mr. Obama is a native-born American citizen, qualified under the Constitution to be President. The issue of the President's citizenship was raised, vetted, blogged, texted, twittered, and otherwise massaged by America's vigilant citizenry during Mr. Obama's two-year-campaign

for the presidency, but this plaintiff wants it resolved by a court.

The real plaintiff is probably Philip J. Berg, a lawyer who lives in Lafayette Hill, Pennsylvania, and who has pursued his crusade elsewhere, see Berg v. Obama, 574 F. Supp. 2d 509 (E.D. Pa. 2008), invoking the civil rights statutes, the Federal Election Campaign Act, the Freedom of Information Act, the Immigration and Nationality Act, and the law of promissory estoppel.  That case was the subject of a scholarly opinion by a judge who took Mr. Berg's claims seriously -- and dismissed them. Mr. Hollister is apparently Mr. Berg's fallback brainstorm, essentially a straw plaintiff, one who could tee Mr. Berg's native-born issue up for decision on a new theory: If some "value" could be assigned to the "duties" the plaintiff thinks he might someday be called upon to fulfill under the Commander-in-Chief, then those "duties" could be deposited in the registry of this Court as the *res* whose distribution is to be decided by a suit in interpleader!

The filing and service of the complaint required private counsel to appear for President Obama and for Vice President Biden (whose citizenship is not challenged but who was presumably considered a necessary party in a suit seeking to unseat the President).  Those counsel have moved to dismiss, asserting both that this Court has no jurisdiction (Rule

12(b)(1)) and that the plaintiff has stated a claim for which relief cannot be granted (Rule 12(b)(6)).

Plaintiff having invoked both diversity and the federal interpleader statute, 28 U.S.C. § 1355, I do have jurisdiction. Because plaintiff's only claim invokes the interpleader statute, however, the suit must be dismissed for failure to state a claim.

I have already called the interpleader claim "frivolous" in two interlocutory rulings [#10 and #14], and I do so again here. As the defendants noted in their motion to dismiss, "interpleader allows a party exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding." Commercial Union Ins. Co. v. U.S., 999 F.2d 581, 583 (D.C. Cir. 1993). It is typically used in insurance cases where the plaintiff holds property on behalf of another but does not know to whom among several adverse parties the property should be transferred [#9 at 8]. Resort to interpleader is inappropriate when it "is sought for improper or ulterior purposes." Wright & Miller § 1707 (3d ed. 2001).

Plaintiff has not cited a single case that lends even colorable support to the notion that his alleged "duties" can be the "money or property" to which the interpleader statute applies. The interpleader suits he cites are all about money or tangible property: American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc., 407 F. Supp 164 (D. V.I. 1975) is

- 3 -

about contested HUD monies; Underwriters at Lloyd's v. Nichols, 363 F.2d 357 (8th Cir. 1966), is about insurance proceeds; Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974) is about money seized from the mails.  The only interpleader case plaintiff cites that involves a "duty" is Bank of Neosho v. Colcord, 8 F.R.D. 621 (W.D. Mo. 1949) (Complaint, para. 12), an inapposite decision declining to strike a cross-claim for specific performance in an interpleader case that began, as interpleader cases do, with the deposit of funds.  This suit will accordingly be dismissed.

Mr. Berg and Lawrence J. Joyce, an attorney who lives in Tucson, Arizona, signed the complaint in this case.  (They have been filing electronically although they have not been admitted *pro hac vice*, see [#10].)  They are *agents provocateurs* -- and any attempt to sanction them for misuse of the public and private resources that have had to be devoted to this case would only give them a forum to continue their provocation.  John D. Hemenway, on the other hand, is a member of the Bar of this Court.  He may have been enlisted by Messrs. Berg and Joyce as a foot soldier in their crusade, but he is nevertheless directly responsible to this Court for the pleadings that have been filed on behalf of the plaintiff.  Because it appears that the complaint in this case may have been presented for an improper purpose such as to harass; and that the

interpleader claims and other legal contentions of plaintiff are not warranted by existing law or by non-frivolous arguments for extending, modifying or reversing existing law or for establishing new law, the accompanying order of dismissal requires Mr. Hemenway to show cause why he has not violated Rules 11(b)(1) and 11(b)(2) of the Federal Rules of Civil Procedure, and why he should not be required to pay reasonable attorneys fees and other expenses to counsel for the defendants.

                                        JAMES ROBERTSON
                             United States District Judge