UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY S. HOLLISTER,
    Plaintiff,

v.                                              Civil Action No. 08-2254 (JR)

BARRY SOETORO, *et al.*,
    Defendants.

## SUPPLEMENTAL SHOW OF CAUSE
### (Second Part of Two Parts Submitted March 16, 2009)

For the completion of his show of cause, John D. Hemenway submits as follows:

It is a principle of due process in the *sua sponte* use of Rule 11 by United States District Court judges that they must be specific when issuing a show cause order under the Rule against an attorney. As noted in *Wright & Miller,* FEDERAL PRACTICE AND PROCEDURE Vol. 5A p. 746, the 1998 Amendments to Rule 11 more formal notice of a Rule 11 challenge *sua sponte* by a court in the form of a show cause order is now required.than was the case before the 1993 amendments. *Wright & Miller* cites the case of *Nuwesra v. Merrill, Lynch, Fenner & Smith, Inc.*, 174 F.3d 87 (C.A.2d 1999) where it was held that Rule 11, after the 1993 Amendments, "requires that particularized notice must be given as a foundation for sua sponte sanctions, explaining that a party subject to sua sponte sanctions `receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed.'" *Id.,* 746-47 *Wright & Miller* goes on to say: "According to the Court of Appeals, this `particularized notice' is intended to put counsel on notice that as to the particular factors that he is to address if he is to avoid sanctions.'" Here the Court, with all due respect, does not, in its Order dismissing the case engage in the required particularized notice to the undersigned and set out the

1

standard by which the undersigned will be assessed. Rather it demands a Show of Cause from the undersigned as an afterthought at the end of its discussion of the merits that it believes justified dismissal of the complaint.

The Court did several things things. One, after discussion of the merits it believed justified its dismissal of the complaint, it said that, "the interpleader claims and other legal contentions of plaintiff are not warranted by existing law or by non-frivolous arguments for extending, modifying or reversing existing law or for establishing new law…". The Court also asserted that it was demanding a Show of Cause "Because it appears that the complaint in this case may have been presented for an improper purpose such as to harass;…" Thus the Court, in its Order dismissing the case thus gives no separate reason for seeking to assess Rule 11 sanctions against the undersigned except for its discussion of the merits of the case as it sees them for the "objective" three prongs of the Rule but it does observe what it calls an "improper" purpose. We do not believe that either reason for the intended assessment of sanctions complies with due process requirements. There is no specific analysis of the three "objective prongs" of the Rule and how they were violated by the undersigned and what standard will be sued to assess the violations of those three prongs of the Rule which it seems to believe that the undersigned violated. Nor did the Court have any opportunity to observe the conduct of the undersigned for purposes of assessing a violation of Rule 11, given that the case was dismissed on motion without any hearings of any sort and with little having been filed other than the complaint, an amended complaint, and a motion to dismiss.

The Court has stated that it desired to assess the undersigned with sanctions because it does not want to assess them against the two co-counsel with the undersigned,

who are not regular practitioners in this United States District Court. The Court characterizes co-counsel as "*agents provacateurs*" and states that "any attempt to sanction them for misuse of public and private resources that have had to be devoted to this case would only give them a forum to continue their provocation." This would seem to be more a political observation rather than a judicial one and not in compliance with the requirements for assessing sanctions under Rule 11. The Court says, in effect, that it would like to punish the co-counsel of the undersigned and prevent them from themselves having access to justice (along with the plaintiff) but it will not do so for "extra-judicial" reasons and instead will punish the undersigned as a way of sending a message to any other attorneys elsewhere in the country who might otherwise be willing to work with co-counsel. In making this assessment, as we have shown in the first installment of the Show of Cause, we do not believe that the Court is supported by authority and its assessment of the merits of plaintiff's case. The error of that assessment of the merits is echoed in the afterthought of this demand upon the undersigned for show of cause, necessitating the comment upon the errors in that assessment of the merits as part of this Show of Cause that the undersigned filed first.

It is also observed in *Wright & Miller* that with regard to the assessment of sanctions under Rule 11 "an evidentiary hearing usually is preferred when it is likely to be of value…." *Id.*, at 751, citing *Schlaifer, Nance & Co. v. Estate of Warhol*, 194 F.3d 323 (C.A.2d 1999); *Baker v. Alderman*, 158 F.3d 516, 525-526 (C.A.11th 1998); *Didie v. Howes*, 988 F.2d 1097 (C.A.11th 1993). As another circuit has put it, when the case has been dismissed without trial, due process may require "some kind of hearing." *Davis v. Crush*, 862 F.2d 84 (C.A.6th 1988). *Id.* Certainly if the undersigned is going to be

sanctioned in the stead of and in place of his co-counsel because of their activities and involvement in other cases around the country, then the undersigned is entitled to a hearing to bring out just what these activities outside of the four corners of this case are, particularly since the responsibility of the undersigned was to assess what was being filed in this case, not in a number of other cases which, so far as the undersigned is aware, are not on all four corners with this one. The plaintiff in this case is not the plaintiff in any of the other cases which co-counsel may be involved in and the Court has failed to specify in any way any issue or claim preclusion that may obtain here which the undersigned should have known about or investigated.

In an extremely well-known Rule 11 case decided soon after the 1983 Amendments to Rule 11, the court held that whether a hearing on sanctions should be ordered depends on the facts of the particular case. An important factor is the judge's participation in the proceedings and knowledge of the facts. Here the Court has not participated in any proceedings because there have been none. Nor has the Court participated in any of the proceedings around the country for which it is now holding the undersigned accountable, or seeking to do so. Rather the Court is operating on hearsay in such a broad manner that a segment of the public cannot help but see it as improper political motivation from which judges should distance themselves and avoid. *Donaldson v. Clark*, 819 F.2d 1551, 1561 (C.A.11th 1987) A hearing is particularly required here and I request one because the Court is dealing in hearsay about matters that are factually disputed, where there are issues of credibility. See *Chamaikin v. Yefimov*, 932 F.2d 124 (C.A.2d 1991). The Court is quite willing to damage my professional reputation by displacing its general dislike of the actions of my co-counsel in other

4

proceedings in which I was not involved and of which the Court has no personal knowledge and was not a participant.

In an earlier case cited in the *Wright & Miller* discussion of Rule 11 which did not involve Rule 11 itself but rather monetary sanctions paralleling those under Rule 11, it was said:

> [t]here are, in fact, several compelling reasons why notice, an opportunity to prepare a defense, and a hearing are required before sanctioning counsel. These procedural requirements will assure that: (1) attorneys will have an opportunity to prepare a defense and to explain their questionable conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanction will appear in the record, facilitating appellate review. *Miranda v. Southern Pacific Transportation Company*, 710 F.2d 516, 522-23 (Hug, J.) (C.A.9th 1983) cited in *Wright & Miller* at 755

Here the Court has referred to a number of facts outside of the record of this particular case and, therefore, the undersigned is particularly entitled to a hearing to get the truth of those matters into the record. This may require the Court to authorize some discovery.

*Wright & Miller* then points out that these statements from the *Miranda* opoinion were cited with approval in a Third Circuit case, *Eash v. Riggins Trucking Co.*, 757 F.2d 557 (C.A. 3d 1985). That case also did not involve Rule 11 itself but is said in *Wright & Miller*, to be "instructive" in the Rule 11 context. *Wright & Miller* then states: "Quite clearly, the approach taken in Miranda and Eash is now embedded in the language of Rule 11 as a result of its amendment in 1993." *Id.*, at 756. *Wright & Miller* then concludes that efforts by courts to use non-monetary sanctions, such as here open disparagement and criticism of character without a sound foundation in fact "tread dangerously close to violating that individual or entity's right of access to the federal courts…".

5

References by this Court in its demand for a Show of Cause from the undersigned appear to be an afterthought to its opinion on the merits dismissing the case. The reference is to matters outside of the record of this case and would seem to justify discovery as part of the Rule 11 proceedings. The threat against the undersigned who was not involved in those extraneous matters outside the four corners of the case presents the necessary "extraordinary circumstances" that justify discovery. See *Wright & Miller*, *Id.,* at 754, discussing *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177 (C.A.7th 1985). See also the Advisory Committee Note to the 1983 amendment to Rule 11, reprinted in 1983, 97 F.R.D. 165, 200-201, and Vol. 12A of *Wright & Miller*, App. C. Denial of discovery would be justified if this Court had "closely followed this case at both [the trial] and appellate levels," but this Court did not allow the case to get past the dismissal motion. *Wright & Miller, Id.,* at 754.

The Court's generalizations begin at the outset of its memorandum, p. 1, where it speaks of the occupant of the White House at this time as having been not been properly "vetted." "[V]etted" is, needless to say, not a term of art in the law and, as pointed out in our first installment, and assumes facts outside the four corners of this case not pled in the complaint. We did not plead that any entity had not properly "vetted" the defendant Obama. Sanctions under Rule 11 may not be assessed for matters not alleged in the complaint. *Hamer v. Career College Ass'n*, 979 F.2d 758 (C.A.9th 1992) (reversing award of sanctions).

What was required was that we cite "some" legal authority for our argument, which we did repeatedly. *Virgin Island Daily News v. Government of Virgin Islands*, Terr. V.I. 2002, 2002 WL 31956031. As said in *Wright & Miller*, *Id.*, at 559:

> The Advisory Committee Note accompanying the 1993 amendment makes it clear that the intent of the change in the language of subdivision (b) of the rule is to establish an objective standard compliance that takes into account any support the signer may have found for the position being espoused in minority or dissenting opinions, law review articles,, or through consultation with other attorneys.

Here we have supported every single legal assertion with majority opinions, not just dissents, minority opinions or law review articles. And the court seems to have displaced its anger against my co-counsel for consulting and working with other attorneys upon me in a manner that does not, as stated, comply with Rule 11 standards. See the discussion of "objective standards" in *In re Verizon Internet Servs., Inc.,* 257 F.Supp.2d 244 (D.C.D.C.2003) citing *Tahfs v. Proctor*, 316 F.3d 584 (C.A.6th 2003); *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066 (C.A.Fed.2002), rehearing denied 261 F.3d 1258 (C.A.Fed.2002). All that is necessary is that some plausible basis exists for the arguments that we presented. *Golden Eagle Distributing Company v. Burroughs Corporation*, 801 F.2d 1531 (C.A.9th 1986) Thus here every assertion of law we made and every argument based on that law for the good faith modification, extension or revision of existing law was not frivolous under Rule 11 case law. Yet the Court ignored the authority we cited and paid no attention to it, going outside of the record, mischaracterizing what we said and making unsupported non-specific assertions of violations of the requirement for a warrant in law or a good faith modification, extension, of that law or development of new law. In fact there is no established law as to what we have alleged and asserted other than that which we have cited.

Further, it has been held by controlling authority that Rule 11 allows pleading based on evidence reasonably anticipated after further investigation or discovery. *Rotella v. Wood*, 120 S.Ct. 1075, 528 U.S. 549, 145 L.Ed.2d 1047 (2000). Here we have

alleged in the complaint, allegations which must be taken as true for purposes of a dismissal motion, that there are facts which point to the underlying crucial fact that the defendant Obama is not a "natural born citizen" within the constitutional meaning of that phrase. Unfortunately, the Court seems anxious not only to prevent our reaching the truth of the matter but to "chill" us and any others who may attempt to reach the truth of the matter. The Court does so by non-professional language and inference regarding concepts of issue and claim preclusion which are not warranted in law or supported by factual grounds. See *New York v. Microsoft Corp.*, 224 F.Supp.2d 76 (D.C.D.C. 2002). No other case involved this plaintiff. Very few others involve the military and the court has pointed to none that involve a plaintiff with Col. Hollister's particular status as retired and subject to active recall. Nor does the Court point to any other cases involving the Interpleader statute; it just engages in broad, unsupported and nonspecific assertions as an afterthought. Further, as shown in our first filing it misrepresents and mischaracterizes what we alleged under that statute.

I wish to point out that at the pleading stage of a case, which the Court never got beyond, a court is not well positioned to determine whether a complaint such as ours is filed for improper purposes. *Rothman v. City of Chicago*, 2003 WL 21148180 (D.C.Ill.2003) Yet the court has impugned my integrity. I want to repeat what I wrote in the first portion of my response to the Court's "Show Cause" demand submitted earlier today, March 16, 2009, as required by the short notice of 11 days given me by this Honorable Court. During World War II, when only 17 (I am now 82) I volunteered to enlist in the infantry of the Army of the United States as a private. I remember well when I was being trained for deployment asking myself the question of what I should do if I

were ordered to do something by a superior officer which was not legal, which is what we are alleging could well happen here. When I was promoted to the rank of Second Lieutenant, Infantry, these concerns deepened, because my actions would then affect the lives of my 40 men. This is a very serious question for any who have worn the uniform, and it was particularly serious then, in time of war. There is no support for the Court's questioning our intentions and purpose here on the issue of legitimacy of the holder of the office of President of the United States.

                                        Respectfully submitted,

                                                /s/

                                        <u>JOHN D. HEMENWAY</u>
                                        John D. Hemenway    D.C. Bar #379663
                                        4816 Rodman Street, NW
                                        Washington DC 20016
                                        (202) 628-4819


**<u>NOTE</u>: This is the second of two parts of the Show of Cause submitted to this Court in response to the Order of March 05, 2009 requiring Attorney Hemenway to Show Cause within 11 days why he should not be sanctioned under Rule 11 (b) of the Federal Rules of Civil Procedure.**